**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

LYNDA PRUETT,

Plaintiff,

v. CIVIL ACTION NO. 5:13-cv-03790

HCR MANORCARE MEDICAL SERVICES
OF FLORIDA, LLC, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed Defendant HCR ManorCare Medical Services of Florida, LLC's Notice of Removal (Document 1), Motion to Dismiss (Document 5), Memorandum in Support (Document 6), Plaintiff's Response in Opposition (Document 7), and Defendant's Reply (Document 11). After careful consideration of the foregoing together with the entire record, the Court finds, for the reasons stated herein, that this Court does not have subject matter jurisdiction, and that this civil action should be remanded to the Circuit Court of Raleigh County for further proceedings.

### *I. BACKGROUND*

On January 28, 2013, Plaintiff, Lynda Pruett, filed a Complaint ("Compl.") (Document 1-1) in the Circuit Court of Raleigh County asserting claims for wrongful termination (Count One) and hostile work environment (Count Two) against Defendants HCR ManorCare Medical Services of Florida, LLC, Joclara Hanshew, and Kathy Keckler (*Id.* ¶¶ 11-18.) Plaintiff alleges

that she was employed by Defendant HCR ManorCare from October 2010 to March 23, 2012, and during that time Defendant Kathy Keckler "repeatedly screamed at and ridiculed" her in front of patients and their families. (*Id.* ¶ 6-7.)[1] Plaintiff asserts that she informed Defendant Hanshew of Defendant Keckler's conduct, but nothing was done to correct her behavior. (*Id.* ¶ 8.) Plaintiff further alleges that she was terminated on March 23, 2012, for an alleged medical error that occurred at a time and place when Plaintiff was not present. (*Id.* ¶ 9.)[2] Plaintiff asserts that Defendant Keckler told her she did not have to terminate Plaintiff, but was choosing to do so. (*Id.* ¶ 10.) Plaintiff alleges that she notified Defendant Hanshew and explained the situation, but no corrective action was taken. (*Id.*) Based upon the foregoing, Plaintiff seeks lost wages and benefits, damages for emotional distress, humiliation and mental anguish, unmitigated front pay, punitive damages, and attorney's fees and costs. (*Id.* at 3.)

On February 28, 2013, Defendant HCR ManorCare removed this civil action pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that this court has jurisdiction under 28 U.S.C. § 1332. ("Notice of Removal") (Document 1.) Defendant HCR ManorCare contends that Defendants Hanshew and Keckler were not required to join in the removal because as of the date of the Notice of Removal, they had not been served with the Complaint. (*Id.* at fn. 2) (citing *Shaffer v. Northwestern Mut. Life. Ins. Co.*, 394 F.Supp.2d 814, 819 (N.D.W.Va. 2005) ("a co-defendant is not required to join or consent [to removal] if it has not been served with the initial pleadings at the time the notice of removal is filed.")) In support of removal, Defendant HCR ManorCare contends

1 Defendant HCR ManorCare Medical Services of Florida, LLC ("HCR ManorCare") contends that Plaintiff improperly named it as a defendant in this matter as she was at all times employed by Heartland Employment Services, LLC ("Heartland"). Defendant HCR ManorCare states that the Notice of Removal and Motion to Dismiss is submitted on behalf of Heartland and requests that the caption in this matter be amended to reflect the name of Plaintiff's former employer and the appropriate defendant in this case.

2 Specifically, Plaintiff states that "[she] was not working in that particular area that day and never administered the medication to the patient." (*Id.* ¶ 9.)

that the Court has diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity among the parties, excluding Defendant Hanshew, who Defendant HCR ManorCare asserts was fraudulently joined for the sole purpose of defeating this Court's jurisdiction. (Notice of Removal at 2-3.)[3] Plaintiff did not respond to the Notice of Removal.

On March 6, 2013, Defendant HCR ManorCare filed its Motion to Dismiss ("Def.'s Mot.") (Document 5) and Memorandum in Support ("Def.'s Mem.") (Document 6). In support, it contends that Plaintiff has not asserted any cognizable cause of action against Defendants, and requests that the Court dismiss Plaintiff's Complaint. (*Id.* at 1.) [4] On March 20, 2013, Plaintiff filed her response in opposition (Document 7), wherein she contends that the allegations set forth in the Complaint are sufficient to state a claim.[5] Plaintiff also filed a Motion for Leave to File Second Amended Complaint (Document 8), the proposed Amended Complaint (Document 8-2) and a memorandum in support (Document 9). Plaintiff explains that she wishes to plead the Complaint with more specificity, and asserts that there are no reasons to deny her Motion for Leave to Amend the Complaint. (*Id.* at 1-2.) Plaintiff's Amended Complaint contains one additional sentence and two new prepositional phrases. (Document 8-2.) Plaintiff states that she is "assert[ing] various claims herein including but not limited to the West Virginia Human Rights Act, W.Va. Code § 5-11-1 *et. seq.* ["WVHRA"] and the common law of the State of West Virginia." (*Id.* at 2.) She also adds that she was wrongfully terminated "in violation of substantial

3 Defendant HCR ManorCare states that because Plaintiff was terminated on March 22, 2012, her "demand for lost wages, combined with her requested relief of unmitigated front pay, damages for emotional distress, punitive damages and statutory attorney's fees, exceed the $75,000 amount in controversy" requirement. (*Id.* at 3.)

4 Defendant HCR ManorCare submits the Motion to Dismiss on behalf of Heartland. HCR ManorCare contends that Plaintiff improperly named it as a defendant in this matter because she was employed by Heartland and requests that the caption in this matter be amended to reflect the appropriate defendant in this case.

5 Plaintiff states that "[i]n the event this Honorable Court finds a more definite statement regarding the Complaint is necessary, a Motion for Leave to File Amended Complaint is filed contemporaneously herein." (*Id.* at 3.)

public policy" and Defendants created and/or condoned a hostile work environment "in violation of the [WVHRA] and in violation of West Virginia common law." (*Id.* at 2-3.) On March 25, 2013, Defendant HCR ManorCare filed its Reply in Support of its Motion to Dismiss Plaintiff's Complaint and/or Amended Complaint (Document 11).[6]

Also on March 25, 2013, Plaintiff filed a proposed Voluntary Dismissal Order (Document 10), wherein she advised the Court that her claims against Defendant Hanshew have been voluntarily dismissed, and she moved the Court to dismiss the action against her without prejudice. The Court granted Plaintiff's motion later that day. (Document 12.)

## *II. SUBJECT MATTER JURISDICTION*

The threshold question for the Court to consider is whether it has federal subject matter jurisdiction in this case. (*See, Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir.2004) ("questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court.") By statute, any civil action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[7] This Court has original jurisdiction over cases involving federal questions and diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Defendant HCR ManorCare removed on the basis of section 1332, which provides in pertinent part, that District Courts shall have original jurisdiction over all civil actions where (1)

6 Defendants do not oppose Plaintiff's Motion to File an Amended Complaint.

7 Section 1441(a) provides in pertinent part: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) is between citizens of different States. 28 U.S.C. § 1332(a)(1).

It is well established that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). Additionally, when the complaint does not set forth a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993.)) In cases which have been removed from state court, there is a "strong presumption" that the plaintiff's claim does not meet the amount in controversy requirement. *Evans v. CDX Services, LLC,* 528 F.Supp.2d 599, 605 (S.D.W.Va.2009) (Johnston, J.) Removal by its nature infringes upon state sovereignty. Therefore, the Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## ***II. DISCUSSION***

For the reasons stated below, the Court finds that Defendant HCR ManorCare has failed to show by a preponderance of the evidence that the amount in controversy requirement is met. Therefore, Defendant has not established federal jurisdiction, and remand is proper. "In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Stewart v. AIS Recovery Solutions, LLC*, Civil Action No. 5:13-cv-2, 2013 WL 1090433, at * 3 (N.D.W.Va. 2013) (citing *Landmark Corp. v. Apogee Coal Co.,* 945 F.Supp.

932, 935 (S.D.W. Va. 1996) (Copenhaver, J.) To satisfy this burden, a defendant "must produce some competent proof that the amount in controversy requirement is satisfied." *Cargo Logistics Services, Corp. v. XTRA Lease, LLC*, Civil Action No. 3:12-cv-832-RJC-DSC, 2013 WL 1798344, at *2 (W.D.N.C. 2013) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993.)) Bare allegations are insufficient. (*Id.*)

Defendant HCR ManorCare asserts that the amount in controversy has been met because Plaintiff was terminated on March 22, 2012, and her demand for lost wages, combined with her requested relief for unmitigated front pay, damages for emotional distress, punitive damages, and attorney fees, exceed $75,000. (Notice of Removal at fn. 3.) No specific amount of damages is set forth in Plaintiff's Complaint. (*See*, Compl.) Defendant does not explain how Plaintiff's requested relief exceeds $75,000. Notably, Defendant does not make reference to Plaintiff's salary or hourly wage. The Complaint is, likewise, devoid of any information concerning Plaintiff's wages and occupation. Plaintiff's weekly, monthly, and annual salary is unknown to the Court. There is no way for the Court to know what Plaintiff's demand for lost wages and unmitigated front pay, combined with the remaining requested relief, amounts to. It is Defendant HCR ManorCare's burden to produce evidence to show that it is more likely than not that the amount in controversy exceeds $75,000. *See, Stewart*, WL 1090433, at * 3; *Cargo Logistics Services, Corp.*, 2013 WL 1798344. Defendant has failed to do so in this case. Accordingly, this Court lacks subject matter jurisdiction and must remand the case.[8] (*See, Sweeney,* 2013 WL 1910379 ("Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.")

8 Because the Court finds that Defendant HCR ManorCare has not met its burden of proof in establishing the amount in controversy requirement, the Court need not reach the fraudulent joinder issue.

## *III. CONCLUSION*

WHEREFORE, for the reasons stated above, the Court does hereby **ORDER** that this case be **REMANDED** to the Circuit Court of Raleigh County for further proceedings.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Circuit Court of Raleigh County, to counsel of record, and to any unrepresented party.

ENTER: May 30, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA